STATE BANK OF NORWOOD, Plaintiff, v. GEORGE WATSIN DAGGETT and Another, Defendants.

Supreme Court, St. Lawrence County, March 14, 1933.

*Willis J. Fletcher* [*George H. Bowers* of counsel], for the plaintiff.

*Allan Gurley* [*Frank Cubley* of counsel], for the defendant Daggett.

LAWRENCE, J. This action is upon four promissory notes held by the plaintiff as collateral. Defendant Mark Mahoney did not answer. Defendant George W. Daggett answered and, after certain denials, set up a separate defense under which considerable evidence was taken over objection and exception. An amendment to the

complaint was allowed without objection, which corrected certain clerical errors.

The notes sued on are as follows: Note dated October 30, 1929, for $500, due eighteen months after date, to the order of Mark Mahoney, signed by defendant George W. Daggett, and payable at the First National Bank of Norfolk, New York. Note dated October 30, 1929, for $500, due twenty-four months after date, to the order of Mark Mahoney, signed by defendant George W. Daggett, and payable at the First National Bank of Norfolk, N. Y. Note dated October 30, 1929, for $600, due thirty months after date, to the order of Mark Mahoney, signed by defendant George W. Daggett, and payable at the First National Bank of Norfolk. Note dated December 12, 1930, for $500, due six months after date, to the order of Mark Mahoney, signed by defendant George W. Daggett, and payable at the First National Bank of Norfolk, N. Y. (being renewal of note dated October 30, 1929, due twelve months after its date and signed by the same party).

These notes were all indorsed by the defendant Mark Mahoney and delivered to the State Bank of Norwood on or about December 12, 1929, as collateral security for a loan of $2,000 made to Mark Mahoney by the plaintiff bank at that time. It is the claim of the defendant Daggett that these notes were delivered to the bank under circumstances which gave the bank notice of an infirmity and which, under the circumstances, precludes the bank from claiming under them.

A brief statement of the facts will not be out of place here. In September, 1927, defendant Mark Mahoney owned a farm which he sold to Arthur Daggett, son of defendant George W. Daggett, for $8,000. Arthur Daggett gave back to Mark Mahoney a farm mortgage on the premises conveyed, upon which mortgage there was due on October 30, 1929, the sum of $3,600. On that day defendant George W. Daggett paid to Mark Mahoney the sum of $1,000 on the mortgage, reducing the amount to $2,600. On the same day five notes, amounting to $2,600, were given by defendant George W. Daggett to defendant Mark Mahoney, of which the notes in question are a part. The first one of them, for $500, was paid. The second one was protested and the renewal of December 12, 1930, was substituted for it. On the same day, namely, October 30, 1929, an agreement was made between defendant Mark Mahoney and defendant George W. Daggett by which Mark Mahoney agreed to give to George W. Daggett an assignment of the mortgage when it should be paid, and agreed to take and hold the notes of Daggett " along with said mortgage until the same was fully paid." Defend-

ant George W. Daggett claims that the bank had notice of this agreement when the notes in question were taken by the bank as collateral security, and that the claimed infirmity precludes the bank from collecting them. It appears further that later and in April, 1930, Arthur Daggett desired to sell the farm purchased by him from defendant Mahoney and on which the mortgage mentioned was a lien, and purchase other property. He did so and gave to defendant Mark Mahoney a mortgage on those newly-acquired premises, and defendant Mark Mahoney discharged the original farm mortgage. It is claimed by defendant that the discharge by Mark Mahoney invalidated the notes in question.

It would seem that defendant George W. Daggett knew of the discharge of the mortgage by Mark Mahoney and consented to it, but the bank was not consulted. Defendant George W. Daggett knew that the bank held the notes at the time. In fact, he paid one of them at that time by his check, dated April 23, 1930, and he renewed another December 12, 1930. He also paid fifty dollars in February, 1931, by his check, dated February 16, 1931. It also appears that defendant George W. Daggett knew of Mark Mahoney taking a different mortgage as a substitute for the original farm mortgage, and he refused to pay any more of the notes in question until that substitute mortgage was foreclosed. Defendant George W. Daggett knew of these transactions and considered himself liable on the notes in spite of such transactions. Whether the bank had knowledge of the agreement between defendant Daggett and defendant Mahoney to the effect that Mahoney would hold the notes until they were paid was a disputed question. Certainly Daggett, by his actions, recognized his obligation upon the notes, and it should not be said, under the circumstances, that the notes were without substance when taken and held by the plaintiff bank.

This brings us to another question, namely, the amount of recovery. The plaintiff contends that, as it was the owner of the notes, it could recover the full amount unpaid upon them. It admits, however, that it could only retain the amount of the actual indebtedness, namely, $1,500 and interest from January 13, 1933. As the action is against the maker and indorser, the question of the liability of the defendants to each other should not be determined here. I, therefore, direct judgment against both of the defendants and in favor of the plaintiff for $1,500 and interest from January 13, 1933.